Jason A Rittereiser, OSB No. 211298
Email: jrittereiser@hkm.com
Charles W Hamilton II, OSB No. 212954
Email: chamilton@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1607 NE 41st Avenue
Portland, OR 97232
Telephone: (503) 389-1130
Facsimile: (503) 715-3577
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

| | |
|---|---|
| WALLA ALFARAJ, an individual,<br><br>    Plaintiff,<br>    v.<br><br>GOOD SHEPHERD HEALTH CARE SYSTEM, an Oregon Public Benefit Corporation, and NORTHWEST PHYSICIAN ASSOCIATES, P.C., a Washington Professional Service Corporation,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Sex Discrimination – Sexual Harassment and Retaliation (ORS 659A.030); Wrongful Discharge in Violation of Public Policy (Common Law)**<br><br>**DEMAND FOR JURY TRIAL** |

### I.    INTRODUCTION

1.    Plaintiff Walla Alfaraj ("Plaintiff") hereby sets forth her Complaint against Defendants Good Shepherd Health Care System ("Good Shepherd") and Northwest Physician Associates, P.C., ("NW Physician") (collectively "Defendants") for Sexual Harassment, Retaliation, and Wrongful Discharge in Violation of Public Policy.

COMPLAINT – 1

## II.    PARTIES

2.        Plaintiff is an individual residing in Needles, California.

3.        Defendant NW Physician is a Washington corporation existing under the laws of Washington and transacting business in the State of Oregon.

4.        Defendant Good Shepherd is an Oregon corporation existing under the laws of Oregon and transacting business in the State of Oregon.

5.        Defendant NW Physician is an employer as defined by ORS 659A.001(4) and, at all times material to this action, used Plaintiff's personal services and reserved the right to control the means by which Plaintiff performed services in connection with her role as a physician.

6.        Defendant Good Shepherd is an employer as defined by ORS 659A.001(4) and, at all times material to this action, used Plaintiff's personal services and reserved the right to control the means by which Plaintiff performed services in connection with her role as a physician.

7.        At all times material to this action, Plaintiff relied on the actual or apparent authority of the employees, supervisors, and management of both Defendant NW Physician and Defendant Good Shephard.

## III.    JURISDICTION AND VENUE

8.        This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1332 because the parties are sufficiently diverse in citizenship and the amount in controversy exceeds $75,000.

9.        The Court has jurisdiction over all Defendants because, at all times material to this action, Defendants transacted business in Oregon State and this District, and Plaintiff's claims arise out of those contacts, including Defendants' actions taken at or regarding Good Shepherd's headquarters in Hermiston, Oregon.

10.      This action has been filed within the applicable statutory time periods.

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41st Avenue
Portland, OR 97232
(503) 389-1130

11.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because all or substantially all of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## IV.    FACTUAL BACKGROUND

12.     On or about December 31, 2019, Plaintiff entered into a Medical Professional Employment Agreement ("the Agreement") with Defendant NW Physician.

13.     Under the Agreement, Plaintiff agreed to render professional medical services as an employee of Defendant NW Physician at Defendant Good Shepherd's facility in Hermiston, Oregon.

14.     On or about July 15, 2020, Plaintiff began serving as a physician in Defendant Good Shepherd's emergency department.

15.     In August 2020, Dr. Peter Farkas ("Dr. Farkas") began to take a sexual interest in Plaintiff.

16.     In August 2020, Dr. Farkas asked Plaintiff for her home mailing address.

17.     The purported reason Dr. Farkas gave Plaintiff for inquiring about her home mailing address was because he wanted to mail her puppies and teddy bears as a romantic gesture.

18.     Plaintiff declined Dr. Farkas's request for her mailing address.

19.     In late July 2020, Dr. Farkas began calling the emergency room desk and asking to speak with Plaintiff.

20.     On at least one occasion, Dr. Farkas told the desk clerk that he wanted to speak to Plaintiff about something personal and unrelated to patient care, and Dr. Farkas requested that Plaintiff return his call at his personal cell phone number.

21.     On or around August 7, 2020, Dr. Farkas requested that Plaintiff meet him in the physicians' lounge for a personal meeting.

22.     Uncomfortable with the sustained and unwanted attention Dr. Farkas had shown her, Plaintiff declined to meet him in the physicians' lounge.

COMPLAINT – 3

23.     Within a week of this rejection, Defendant Good Shepherd's investigative committee began issuing notices to Plaintiff indicating than an investigation had been launched in response to an alleged incident involving sub-par patient care.

24.     Defendant Good Shepherd, at the behest of Dr. Farkas, launched the investigation of Plaintiff because Plaintiff rejected Dr. Farkas's sexual advances.

25.     At all times material to this action, Dr. Farkas was the head of Defendant Good Shepherd's investigative committee (the "Investigative Committee").

26.     All of the notices of investigation issued to Plaintiff were authored and signed by Dr. Farkas.

27.     Over the next four months, Plaintiff received ten such notices, each alleging a different incident of Plaintiff's alleged and unsubstantiated poor performance.

28.     The notices of investigation were baseless and issued to Plaintiff because she rejected Dr. Farkas's sexual advances.

29.     By issuing these investigatory notices to Plaintiff, Defendant Good Shepherd altered the terms and conditions of Plaintiff's employment.

30.     On or around November 19, 2020, the Investigative Committee conducted an interview with Plaintiff in response to the tenth notice.

31.     In the interview on or around November 19, 2020, Plaintiff informed the Investigative Committee that Dr. Farkas was targeting her because she rejected his sexual advances.

32.     Upon information and belief, Defendant Good Shepherd informed Defendant NW Physician about Plaintiff's complaint to the Investigative Committee about being targeted by Dr. Farkas because she rejected his sexual advances.

33.     Shortly thereafter, Defendant NW Physician informed Plaintiff that it had been notified of her complaint about Dr. Farkas.

34.     In March 2021, Defendant NW Physician told Plaintiff that an investigation into her complaint had found no evidence of harassment by Dr. Farkas.

COMPLAINT – 4

35.    On or around May 4, 2021, Plaintiff received a telephone call from Defendant NW Physician.

36.    During this telephone call, an HR representative from Defendant NW Physician informed Plaintiff that "[Defendant] Good Shepherd does not want you to work there anymore."

37.    Defendant NW Physician's HR representative then explained that the company was "heading in another direction" before telling Plaintiff that she could either resign or be terminated.

38.    Without any meaningful choice or ability to remain employed with Defendant NW Physician or Defendant Good Shepherd, Plaintiff resigned on or about July 7, 2021.

## V.    CAUSES OF ACTION

### Count One: Sexual Harassment (ORS 659A.030(1)(b))

### (Against Defendant Good Shepherd)

39.    Plaintiff realleges and incorporates paragraphs 1 through 38 as though fully set forth herein.

40.    Plaintiff was subjected to unwanted sexual advances by her immediate supervisor at Defendant Good Shepherd, Dr. Farkas.

41.    ORS 659A.030(1)(b) makes it unlawful for an employer to discriminate against an individual in the terms, conditions, or privileges of employment on the basis of that individual's sex.

42.    Defendant Good Shepherd made employment decisions affecting the terms and conditions of Plaintiff's employment, including initiating a disciplinary investigation of Plaintiff, as a result of her resistance to and rejection of the unwanted sexual advances of Dr. Farkas.

43.    Defendant's initiation of a disciplinary investigation of Plaintiff caused a significant change in the terms and conditions of Plaintiff's employment, ultimately culminating in her being denied entry to Defendant Good Shepherd and terminated by Defendant NW Physician.

COMPLAINT – 5

44.     As a direct and proximate cause of Defendant Good Shephard's unlawful conduct, Plaintiff has suffered significant economic damages and is entitled to an award of her lost wages and loss of benefits from the date of her termination until trial, plus front pay and pre-judgment interest in an amount to be determined at trial.

45.     As a direct and proximate result of Defendant Good Shepherd's unlawful conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life in an amount to be determined at trial.

46.     Plaintiff is entitled to recover her reasonable attorneys' fees and costs pursuant to ORS 659A.885.

### Count Two: Retaliation (ORS 659A.030(1)(f))

### (Against Defendant Good Shepherd and NW Physician)

47.     Plaintiff realleges and incorporates paragraphs 1 through 46 as though fully set forth herein.

48.     ORS 659A.030(1)(f) makes it unlawful for any person to discharge or otherwise discriminate against any other person because that person has opposed discrimination on the basis of sex.

49.     Defendant Good Shepherd violated ORS 659A.030(1)(f) by conducting a retaliatory investigation of Plaintiff because she rejected Dr. Farkas's unwanted sexual advances and then discharging Plaintiff because she complained about and opposed the unlawful sexual harassment by Dr. Farkas.

50.     Defendant NW Physician violated ORS 659A.030(1)(f) by discharging Plaintiff because she complained about and opposed the unlawful sexual harassment by Dr. Farkas.

51.     As a direct and proximate cause of the above-named Defendants' unlawful conduct, Plaintiff has suffered significant economic damages and is entitled to an award of her lost wages and loss of benefits from the date of her termination until trial, plus front pay and pre-judgment interest in an amount to be determined at trial.

COMPLAINT – 6

52.    As a direct and proximate result of the above-named Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life loss in an amount to be determined at trial.

53.    Plaintiff is entitled to recover her reasonable attorneys' fees and costs pursuant to ORS 659A.885.

### Count Three: Wrongful Discharge in Violation of Public Policy (Common Law)
### (Against Defendants Good Shepherd and NW Physician)

54.    Plaintiff realleges and incorporates paragraphs 1 through 53 as though fully set forth herein.

55.    The State of Oregon has codified as public policy that the practice of sex discrimination in the workplace is a matter of state concern which "not only threatens the rights and privileges of its inhabitants but menaces the institutions and foundation of a free democratic state."

56.    Defendant Good Shepherd and Defendant NW Physician subjected Plaintiff to wrongful discharge in violation of public policy by terminating Plaintiff's employment in retaliation for exercising her job-related rights, including but not limited to opposing and reporting Dr. Farkas's unwanted sexual advances.

57.    Plaintiff's statutory claims do not provide adequate remedies for relief. Therefore, she is entitled to such remedies as exceed those awarded under other claims.

58.    As a direct and proximate cause of the above-named Defendants' unlawful conduct, Plaintiff has suffered significant economic damages and is entitled to an award of her lost wages and loss of benefits from the date of termination until trial, plus front pay and pre-judgment interest in an amount to be determined at trial.

59.    As a direct and proximate result of the above-named Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life all due to her non-economic loss in an amount to be determined at trial.

COMPLAINT – 7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment and decree in her favor and against the Defendants as follows:

1.      Damages for back pay, front pay, and lost benefits in amounts to be proved at trial;

2.      Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation in amounts to be proved at trial;

3.      Prejudgment interest in an amount to be proved at trial;

4.      Compensation for any tax penalty associated with recovery;

5.      Prejudgment and post-judgment interest at the rate prescribed by statute;

6.      Reasonable attorneys' fees and costs; and

7.      Such other and further relief as the Court deems just and equitable.


DATED: July 20, 2022.


                        **HKM EMPLOYMENT ATTORNEYS LLP**


                        */s/ Jason A. Rittereiser*
                            Jason A Rittereiser, OSB No. 211298
                            Email: jrittereiser@hkm.com
                            Charles W. Hamilton II, OSB No. 212954
                            Email: chamilton@hkm.com


                        *Attorneys for Plaintiff Walla Alfaraj*


COMPLAINT – 8                                        **HKM EMPLOYMENT ATTORNEYS LLP**
                                                        1607 NE 41st Avenue
                                                        Portland, OR 97232
                                                        (503) 389-1130